UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES EDWARD SWEENEY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:21-cv-00156-JPH-DLP ) |
| HAROLD D. KRAMER, CLARK COUNTY, INDIANA, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

On March 25, 2021, Mr. Sweeney filed a complaint alleging that Defendants—Harold Kramer and Clark County, Indiana—violated a federal plea agreement and eavesdropped on a "confidential federal debriefing" in June 1992. Dkt. 1 at 4–6. He alleged that Defendants then used what they heard in the debriefing to charge Mr. Sweeney with murder in August 1992. *Id.* at 6. The Court screened the complaint under 28 U.S.C. § 1915A(b), holding that it must be dismissed under the statute of limitations for 42 U.S.C. § 1983 actions. Dkt. 7 at 3–4.

Mr. Sweeney has filed an amended complaint, repeating his arguments that the statute of limitations did not run until his federal conviction was vacated in September 2019. Dkt. 9 at 2. Before that, he argues, his claims were barred by *Heck v. Humphrey* because they would have implied the invalidity of his federal conviction. *Id.*; *see Heck v. Humphrey*, 512 U.S. 477 (1994).

1

However, as the Court explained in its screening order, *Heck*'s application is narrow:

> *Heck* applies only when there is such a "clear nexus" between the conviction and alleged constitutional violation that the violation "*necessarily*" implies the invalidity of the conviction. *VanGilder v. Baker*, 435 F.3d 689, 691–92 [(7th Cir. 2006)] (quoting *Nelson v. Campbell*, 541 U.S. 637, 647 (2004)). A damages award here would not go that far—it would merely find a constitutional violation related to one interview that was conducted during that crime's investigation. *See id.* (*Heck* does not bar claims for excessive force during an arrest when the plaintiff was convicted of the crimes of arrest.). In short, Mr. Sweeney's current allegations and his previous conviction never contradicted each other. *See Johnson v. Rogers*, 944 F.3d at 968 (7th Cir. 2019) ("[Plaintiff's] contention can be resolved in [his] favor without casting any doubt on the validity of his conviction.").

Dkt. 7 at 3–4.  "*Heck* therefore never barred this suit, so the statute of limitations had run before Mr. Sweeney's federal conviction was vacated." *Id.* at 4.

Mr. Sweeney's amended complaint argues that the alleged constitutional violations would have necessarily implied the invalidity of his federal conviction because he pleaded guilty based on promises of "use immunity."  *See* dkt. 9. He thus contends that his allegations in this suit, if true, would prove that his federal plea agreement—and therefore his federal conviction—was invalid.  *See id.*  But Mr. Sweeney does not seek relief based on a *federal* promise of use immunity or a *federal* breach of such a promise.  *See id.*; *cf. Sweeney v. Carter*, 361 F.3d 327 (7th Cir. 2004) (addressing Indiana's use of Mr. Sweeney's

2

statements). Instead, he alleges that it was Defendants—both state actors—who breached a promise of use immunity. Dkt. 9 at 2, 6. Without an alleged breach by federal authorities, the constitutional violations that Mr. Sweeney alleges did not necessarily imply the invalidity of his federal conviction. *See United States v. Munoz*, 718 F.3d 726, 729 (7th Cir. 2013) (the government must uphold its own promises that it makes to induce a guilty plea); *VanGilder*, 435 F.3d at 691–92.

For these reasons, Mr. Sweeney's federal conviction never barred his claims under *Heck*.[1] The claims are therefore barred by the statute of limitations, and this case is dismissed with prejudice. Final judgment will issue by separate entry.

**SO ORDERED.**

Date: 5/20/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES EDWARD SWEENEY, JR.
957595
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

---

[1] Mr. Sweeney does not address any potential *Heck* bar based on his state conviction for murder, which he does not allege has been vacated.

3